AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

United States of America
v.
Esvin Alex Velasquez-Gomez

*Defendant(s)*

Case No. 6:26-mj-2109

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of September 22, 2026 in the county of Orange in the Middle District of Florida, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal re-entry after deportation. |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Lacey E. O'Neal, BPA, DHS

*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: 9/23/2026

City and state: Orlando, Florida

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

**STATE OF FLORIDA** **CASE NO. 6:26-mj-**2109

**COUNTY OF ORANGE**

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Lacey E. O'Neal, having been duly sworn, hereby make the following statement in support of the attached criminal complaint:

1. I am a Border Patrol Agent ("BPA") with the United States Department of Homeland Security, U.S. Customs and Border Protection ("CBP"), formerly known as the Immigration and Naturalization Service (INS). I have been so employed since September 07, 2003. I am currently assigned to the Orlando, Florida, Border Patrol Station. In my capacity as a Border Patrol Agent, I am charged with the enforcement of Titles 8, 18, 19 and 21 of the United States Code. I am a federal law enforcement agent with the authority to execute arrest and search warrants under the authority of the United States.

2. The information set forth in this affidavit is based on my investigation, information supplied to me by other law enforcement officers and agents, and information contained within various government databases and records. Because this affidavit is submitted for the limited purpose of establishing probable cause to support a criminal complaint, I have not included details of all aspects of my investigation. Rather, I have set forth only those facts I believe are necessary to establish probable cause that the below listed individual committed a violation of 8 U.S.C. § 1326(a), illegal reentry by a previously removed alien.

3. On September 22, 2026, Border Patrol Agents (BPAs) from the Orlando Border Patrol Station, in a marked Border Patrol vehicle and in a full Border Patrol issued uniform, was traveling eastbound on State Road 528 in Orlando, Florida[1], when they encountered the defendant, Esvin Alex VELASQUEZ-GOMEZ during a traffic stop. The BPAs conducted a plain view records check of a vehicle traveling in the same direction. Records from the license plate number returned to an individual that is currently present in the United States illegally. The BPAs activated their emergency lights and sirens in an effort to perform a vehicle stop for a further immigration inspection. The vehicle came to a stop at mile marker 18 on SR 528 eastbound.

4. The BPAs approached the vehicle and identified themselves as United States Border Patrol Agents conducting an immigration inspection. The BPAs asked for identification from all the occupants of the vehicle. One of the passengers, later identified as VELASQUEZ-GOMEZ, presented the BPAs with a Guatemalan Consular Identification card. A CBP records check on VELASQUEZ-GOMEZ's biographical information from his Guatemalan Consular ID card confirmed that VELASQUEZ-GOMEZ is a citizen and national of Guatemala with no lawful immigration status in the United States. He also has an Alien File Number (A XXX XXX 116), which contains his immigration history. The BPAs advised VELASQUEZ-GOMEZ that he was being placed under arrest for being in the United States illegally. VELASQUEZ-GOMEZ was then transported to the

[1] Orlando is in Orange County, within the Middle District of Florida.

Orlando Border Patrol Station for fingerprinting and further processing. VELASQUEZ-GOMEZ was fingerprinted and on September 22, 2026, the CBP database indicated a match of the known fingerprints to VELASQUEZ-GOMEZ's immigration file.

5. Documents in the alien file also show that VELASQUEZ-GOMEZ has been previously ordered deported/removed from the United States to Guatemala by a Designated Official on November 13, 2019. On November 21, 2019, VELASQUEZ-GOMEZ was physically removed from the United States to Guatemala through McAllen, Texas. VELASQUEZ-GOMEZ was found to be present in the United States a second time on December 13, 2019, after crossing the border illegally from Mexico. VELASQUEZ-GOMEZ's order of removal was reinstated on December 16, 2019, and was physically removed from the United States to Guatemala through McAllen, Texas, on January 2, 2020.

6. There is no record of VELASQUEZ-GOMEZ ever applying to or receiving consent of the Attorney General of the United States, and/or the U.S. Secretary of the Department of Homeland Security, for permission to re-enter the United States after VELASQUEZ-GOMEZ's prior deportation/removal.

7. Based on the foregoing, I believe that there is probable cause that on September 22, 2026, Esvin Alex VELASQUEZ-GOMEZ was found to be in the United States voluntarily after being previously deported and removed from the United States, in violation of 8 U.S.C. § 1326(a).

This concludes my Affidavit.

Lacey E. O'Neal,
Border Patrol Agent

Affidavit submitted by email and attested to me as true and accurate via video conference and/or telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3), before me this 23rd day of September, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE